

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00142-CV

FELICIA GALINDEZ AND ISMAEL GALINDEZ JR., INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ISMAEL GALINDEZ III, A DECEASED MINOR

APPELLANTS

V.

MICHELIN NORTH AMERICA, INC.

APPELLEE

----------

FROM THE 431ST DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 15-06525-431

----------

## MEMORANDUM OPINION[1]

----------

Appellants Felicia Galindez and Ismael Galindez Jr., individually and as representative of the estate of Ismael Galindez III, a deceased minor, attempt to

---

[1]*See* Tex. R. App. P. 47.4.

appeal from an order signed on March 29, 2016, granting a no-evidence and traditional motion for summary judgment in favor of Appellee Michelin North America, Inc. On May 4, 2016, we notified Appellants of our concern that we may not have jurisdiction over this appeal because the order did not appear to be a final judgment or an appealable interlocutory order. Specifically, although the order finally disposed of Appellants' claims against Michelin North America, it did not dispose of Appellants' claims against numerous other defendants, including Dorel Juvenile Group, Inc.; Toyota Motor Corp.; Toyota North America, Inc.; Toyota Motor Sales USA, Inc.; Toyota Motor Engineering & Manufacturing North America, Inc.; Trinity Industries, Inc.; Trinity Highway Products, LLC; and Michelin Corp. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001) (explaining that a judgment is final for purposes of appeal if it (1) actually disposes of *all* claims and parties or (2) states with unmistakable clarity that it is a final judgment). We informed Appellants that the appeal would be dismissed for want of jurisdiction unless they or any party desiring to continue the appeal filed a response with the court showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a), 44.3. Appellants filed a response, arguing that we have jurisdiction because the order disposed of all claims against Michelin North America, but to be final, the order must have disposed of all claims and all parties, not just all claims against one of the parties. *See Lehmann*, 39 S.W.3d at 200. Further, we have received no indication that the trial court severed Appellants' action against Michelin North America into a different cause. *See*

*Tanner v. Karnavas*, 86 S.W.3d 737, 743 (Tex. App.—Dallas 2002, pet. denied) ("As a rule, severance of an interlocutory judgment into a separate action makes it final, unless the order of severance indicates further proceedings are to be had in the severed action."). Because the order granting summary judgment for Michelin North America is not a final judgment, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Lehmann*, 39 S.W.3d at 200.

PER CURIAM

PANEL:  MEIER, GABRIEL, and SUDDERTH, JJ.

DELIVERED:  June 9, 2016